FILED
U.S. DISTRICT COURT

2006 OCT -3  A 11: 25

CLERK *J. LaVictoire*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| MICHAEL ARTHUR NIXON, | ) | |
| | ) | |
| Petitioner, | ) | CIVIL ACTION NO.: CV206-071 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | (Case No.: CR204-14) |
| | ) | |
| Respondent. | ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant Michael Arthur Nixon ("Nixon"), an inmate currently incarcerated at the United States Penitentiary in Leavenworth, Kansas, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Respondent filed a Motion to Dismiss, and Nixon filed a Response. For the following reasons, Respondent's Motion to Dismiss should be **DENIED**.

### STATEMENT OF THE CASE

Nixon was sentenced to 180 months' imprisonment by this Court after pleading guilty to possession of firearms by a convicted felon and armed career criminal in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). In the instant motion, Nixon asserts that his counsel was ineffective for failing to object to the government's use of an offense that did not qualify as a prior violent felony conviction for purposes of armed career criminal enhancement. (Mot. at 4-9). Respondent contends that Nixon entered into a negotiated plea agreement that waived certain appeal rights and his right to collaterally attack the

AO 72A
(Rev. 8/82)

sentence imposed or the voluntariness, providence, or factual basis of the guilty plea. (Doc. No. 3, pp. 1-2). Respondent asserts that, as a result, Plaintiff's motion attacking the legality of his sentence must be dismissed.

## DISCUSSION AND CITATION TO AUTHORITY

Respondent moves to dismiss Nixon's § 2255 motion on the ground that Nixon waived the right to collateral attack under the terms of his plea agreement. The plea agreement provides, in pertinent part, that petitioner "expressly waives any and all rights to collateral post-conviction attack of the sentence imposed or the voluntariness, providence, or factual basis of the guilty plea entered pursuant to this agreement." (Doc. No. 3, p. 3). Respondent contends that Nixon's claim is barred by his knowing and voluntary waiver of collateral attack rights and that, as a result, this Court must dismiss the §2255 motion attacking his sentence based on ineffective assistance of counsel.

The Eleventh Circuit has recognized that "a sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing." Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005). However, it is clear that "there may be a distinction between a § 2255 claim of ineffective assistance in entering or negotiating the plea versus a claim of ineffectiveness at sentencing or a claim challenging the validity of the plea or agreement." Id. at 1342 n.2. Other circuits have likewise recognized such a distinction. See United States v. White, 307 F.3d 336, 343 (5th Cir. 2002) ("[A]n ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself. . . .[A]n impermissible boot-strapping arises

2

where a waiver is sought to be enforced to bar a claim that the waiver itself - or the plea agreement of which it was a part - was unknowing or involuntary."); United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001) ("[A] plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver."); De Roo v. United States, 223 F.3d 919, 924 (8th Cir. 2000) ("A defendant's plea agreement waiver of the right to seek section 2255 post-conviction relief does not waive defendant's right to argue, pursuant to that section, that the decision to enter the plea was not knowing and voluntary because it was the result of ineffective assistance of counsel."); Jones v. United States, 167 F.3d 1142 (7th Cir. 1999) ("Justice dictates that a claim of ineffective assistance of counsel in connection with the negotiation of a cooperation agreement cannot be barred by the agreement itself - the very product of the alleged ineffectiveness.").

Thus, it is clear that there exists a distinction between a claim of ineffective assistance of counsel at sentencing, which can be waived, and a claim of ineffective assistance of counsel relating to the plea agreement itself, which is a claim that would necessarily have to survive a waiver since it directly affects the validity of the waiver itself. This must hold true even where, as here, the sentence-appeal waiver purports to waive any attack on the "voluntariness of the guilty plea." A criminal defendant simply cannot waive a claim of ineffective assistance of counsel regarding advice he received in entering the plea and waiver. This is so because the "ineffective assistance of counsel at [this] critical time[ ] would require a finding that the plea was not entered knowingly and voluntarily, which would in turn mean that a court could not enforce a waiver contained within the plea

3

agreement." Vaca-Ortiz v. United States, 320 F. Supp. 2d 1362, 1365 (N.D. Ga. 2004) (citing United States v. Bushert, 997 F.2d 1343, 1350-51 (11th Cir. 1993) and White, 307 F.3d at 343).  The Supreme Court has repeatedly emphasized that "the Constitution *insists*, among other things, that the defendant enter a guilty plea that is voluntary, U.S. v. Ruiz, 536 U.S. 622, 629, 122 S. Ct. 2450, 2455, 153 L. Ed. 2d 586 (U.S. 2002) (emphasis added), and that a guilty plea that is not knowing and voluntary violates due process and is therefore void, Boykin v. Alabama, 395 U.S. 238, 243, 89 S. Ct. 1709, 1712, 23 L. Ed. 2d  274 (1969).

Nixon's motion, construed liberally, states a claim of ineffective assistance of counsel as to the plea agreement and waiver itself.  Although Nixon's Motion itself objects to counsel's ineffectiveness "for failing to object at sentencing" to the use of the burglary as a predicate felony, it is clear that the burglary charge about which Nixon complains was in fact listed in the indictment as one of the three prior felony convictions supporting a charge under 18 U.S.C. § 924(e).  Thus, the validity of the burglary charge as a basis for the § 924(e) violation could have been a factor in counsel's consideration of Nixon's plea agreement and waiver.  Indeed, Nixon himself argues as much in his Response to the Government's Motion to Dismiss, stating that:

> the waiver of appeal cannot be enforced because the plea agreement, the plea hearing and the sentencing hearing was tainted by ineffective assistance of counsel.  A defendant whose plea agreement contained a waiver of appeal may always avoid a waiver on the limited grounds that the waiver of appeal itself was tainted by ineffective assistance of counsel. See United States v. White, 307 F.3d 336.

4

(Doc. No. 5 at 3). Nixon goes on to claim that the waiver cannot be "enforced involuntarily" because he was not notified by counsel that he would be sentenced as an armed career criminal. (Id. at 4).

These statements clearly set forth a claim that the alleged ineffective assistance of counsel directly affected the validity of the plea itself. Accordingly, this Court maintains jurisdiction over Nixon's ineffective assistance of counsel claim as it relates to the negotiation and acceptance of his plea agreement.

## CONCLUSION

Based on the foregoing, it is recommended that Respondent's Motion to Dismiss be **DENIED**. The Government should be required to file a brief addressing the merits of Nixon's claim.

**SO REPORTED AND RECOMMENDED**, this 3 day of October, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)