IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| MICHAEL ARTHUR NIXON, | ) | |
| | ) | |
| Petitioner, | ) | CIVIL ACTION NO.: CV206-071 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | (Case No.: CR204-14) |
| | ) | |
| Respondent. | ) | |

## ORDER

Michael Arthur Nixon ("Nixon"), an inmate currently incarcerated at the United States Penitentiary in Leavenworth, Kansas ("USP Leavenworth"), filed a Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C.A. §2255 (Doc. No. 1). Respondent initially filed a Motion to Dismiss, in which it asserted that Nixon's ability to collaterally attack his sentence had been waived by his negotiated plea agreement. (Doc. No. 3). By Order dated October 26, 2006, the Court denied Respondent's Motion to Dismiss, adopting the Magistrate Judge's finding that the Court maintained jurisdiction over Nixon's claim. (Doc. No. 9). Respondent subsequently filed a Response on the merits of Nixon's §2255 Motion (Doc. No. 10), and Nixon filed a Reply (Doc. No. 11). Magistrate Judge James E. Graham presided over an evidentiary

AO 72A
(Rev. 8/82)

hearing on Nixon's Motion on March 2, 2007. For the following reasons, Nixon's §2255 Motion is **DENIED**.

## STATEMENT OF THE CASE

Nixon was sentenced to 180 months' imprisonment by this Court after pleading guilty to possession of firearms by a convicted felon and armed career criminal in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). The Indictment identified Nixon as eligible for sentencing pursuant to the Armed Career Criminal Act ("§924(e)") based upon a prior burglary conviction and two prior drug convictions. Nixon now asserts that the Court should not have sentenced him pursuant to §924(e) because the burglary conviction was not properly determined to be a prior violent felony. Nixon also asserts that his trial counsel was ineffective: first, for failing to properly advise him that he would be sentenced to a mandatory minimum of fifteen (15) years under §924(e) (Doc. No. 11, p. 6); and second, for failing to seek withdrawal of his guilty plea once it became apparent that the Court was unable to depart from the mandatory minimum sentence (Doc. No. 11, p. 7). Finally, Nixon appears to contend that he should be re-sentenced applying the Supreme Court's holding in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). (Doc. No. 11, p. 7).

Respondent contends that the Court did not err in sentencing Nixon pursuant to §924(e) because in addition to the burglary conviction, Nixon also had at least three prior drug convictions which qualified as predicate felonies under the Act. (Doc. No. 10, pp. 12-13). Respondent further contends that Nixon fails to show ineffective performance of counsel or prejudice resulting from any ineffectiveness. (Doc. No. 10, pp. 13-16).

# DISCUSSION AND CITATION TO AUTHORITY

I. **Application of §924(e) Was Proper**

Nixon contends that he should not have been sentenced under § 924(e) because his burglary conviction, listed as one of three predicate felonies in the Indictment, should not have been relied upon by the court for §924(e) sentencing purposes. In determining whether a prior conviction constitutes a "violent felony" for purposes of §924(e) sentencing, a court must look "only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." Taylor v. United States, 495 U.S. 575, 600, 110 S. Ct. 2143, 2159, 109 L. Ed. 2d 607 (1990). However, "[b]ecause the statutory definition of burglary differs in many states, a burglary conviction serves as a predicate for enhanced sentencing under section 924(e) only if the conviction is for a crime involving the elements of 'generic' burglary." United States v. Miles, 290 F.3d 1341, 1347 (11th Cir. 2002) (citing Taylor, 495 U.S. at 599, 110 S. Ct. at 2143). In Shepard v. United States, 544 U.S. 13, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005), the Supreme Court held that the sentencing court may refer only to "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." Shepard, 544 U.S. at 26, 125 S. Ct. at 1263. Pursuant to this line of cases, therefore, Nixon appears to argue that, had the sentencing court examined his burglary conviction, it would have deemed the burglary "non-generic," and thus would not have applied enhanced sentencing.

As Respondent correctly asserts, however, Nixon also had three prior felony drug convictions[1], enough to justify enhanced sentencing completely independent of the burglary conviction. The three prior drug convictions appeared in Nixon's Presentence Investigation Report (PSI ¶¶ 24, 26, 27), and Nixon filed no objections to the PSI. During Nixon's resentencing hearing, the Court noted that as part of his plea agreement, Nixon admitted violating §924(e), and found that the burglary conviction "was not necessary to the sentence of the fifteen years because he had, I think, at least three drug offenses, felonies. And they would automatically require the imposition of fifteen years." (Resentencing Hearing at 20-21).

The fact that it was the burglary and two drug convictions instead of three drug convictions that were set forth in the Indictment is of no consequence. The Eleventh Circuit has held that §924(e) predicate felonies are not "elements" of the actual offense charged:

> the fact of a prior conviction under section 924(e) "merely links the severity of the defendant's punishment for a violation of the predicate offense § 922(g) to the number of previous felony convictions" and need not be submitted for jury consideration because "the defendant has received the totality of constitutional protections due in the prior proceeding on the predicate offense." United States v. McGatha, 891 F.2d 1520, 1526 (11th Cir.1990). We explained that "[i]t was unnecessary for the jury to consider the defendant's prior convictions, for these convictions were not an element of the offense for which he was indicted and to which he entered his plea of guilty." Id. at 1525. And we concluded that "[w]hile the Due Process Clause indeed requires proof beyond a reasonable doubt of every fact necessary to constitute the crime, in sentencing those already constitutionally convicted the courts have traditionally operated without constitutionally imposed burdens of proof." Id. at 1526-27.

---

[1] Nixon's three prior felony drug convictions are: possession with intent to distribute marijuana and possession with intent to distribute cocaine (convicted January 31, 1986); distribution of cocaine (convicted May 19, 1988); and trafficking in cocaine (convicted June 8, 1998). (PSI ¶¶ 24, 26, 27).

United States v. Burge, 407 F.3d 1183, 1191 (11th Cir. 2005). In sum, "[t]he government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence." United States v. Gibson, 434 F.3d 1234, 1246 (11th Cir. 2006) (quoting Burge, 407 F.3d at 1188). This fact was left unchanged by the Supreme Court's decisions in Apprendi, Blakely, and Booker. Gibson, 434 F.3d at 1246 (citations omitted). Thus, there is no question that the determination that Nixon had three prior felony drug convictions was constitutionally sound. There was no error in Nixon being sentenced to the mandatory minimum of fifteen (15) years under §924(e).

## II. Nixon Fails to Establish the Ineffective Assistance of Counsel

Nixon next contends that his trial counsel was ineffective because the attorney failed to advise him that he would be sentenced as an armed career criminal and because counsel failed to move to withdraw the plea agreement at sentencing. A claim that a defendant did not receive effective assistance of counsel involves the right to counsel, which guarantees not only assistance, but effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 2063, 80 L. Ed. 2d 674 (1984). To be successful on an ineffective assistance of counsel claim, the defendant must satisfy a two-part test: (1) his counsel's performance was deficient, falling "below an objective standard of reasonableness"; and (2) the deficient performance prejudiced his defense so badly that there is a reasonable probability that it impacted the result. Strickland, 466 U.S. at 687-88, 104 S. Ct. at 2064; Quince v. Crosby, 360 F.3d 1259, 1265 (11th Cir. 2004). Under the performance prong, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional

assistance[.]" Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. Under the prejudice prong, a movant must establish that there was a reasonable probability that the results would have been different but for counsel's deficient performance. Kimmelman v. Morrison, 477 U.S. 365, 375, 106 S. Ct. 2574, 2582-2583, 91 L. Ed. 2d 305 (1986).

In this case, Nixon has failed to establish that his trial counsel was ineffective under the Strickland test. Taking as true Nixon's allegation that counsel failed to advise him that he would be sentenced pursuant to §924(e), Nixon has failed to establish any prejudice on this point. It is clear that the plea agreement, which Nixon signed and affirmed under penalty of perjury, advised him that "the Court is free to impose any sentence authorized by law up to the statutory maximum sentence: As to Count One, imprisonment for not less than fifteen (15) years . . . ." (Plea Agreement at 4). Furthermore, at the Rule 11 hearing, the Court advised Nixon that "under the law, the maximum punishment for this particular crime is not less than fifteen years imprisonment and a maximum period of life imprisonment" and Nixon expressed his understanding of that fact to the Court under oath. (Change of Plea Hearing, pp. 6-7). Given the very clear information as to the mandatory minimum sentence communicated to Nixon by both the Government and by the Court, Nixon can establish no prejudice even assuming his counsel did not advise him of this mandatory minimum sentence.

Furthermore, Nixon contends that counsel was deficient for not having withdrawn the guilty plea and proceeding to trial because of the Government's use of the burglary conviction as a predicate felony. However, the record is clear that trial counsel did, in fact, argue to the Court that imposition of the 15 year minimum would be a "miscarriage of justice," and urged that the Court should "ignore the statutory minimums."

(Resentencing Hearing at 18). The Court and trial counsel discussed the burglary conviction, and the Court concluded that even though the record under a Shepard analysis did not indicate that Nixon's conviction was a generic burglary, the drug offenses made it such that there was not "anything that [the Court] can do." (Id. at 19). When counsel again raised the issue of whether the burglary conviction was a "violent felony," the Court stated that the burglary "was not necessary to the sentence of the fifteen years because he had, I think, at least three drug offenses, felonies. And that would automatically require the imposition of the fifteen years." (Id. at 20-21). Trial counsel's decision not to withdraw Nixon's guilty plea, in light of the three prior felony drug convictions, was sound strategy taken in the exercise of counsel's reasonable professional judgment. Nixon's trial counsel, Anthony Harrison, testified before Magistrate Judge Graham that the guidelines for Nixon's sentence would have been more severe if the case had proceeded to trial. Nixon has failed to establish that his trial counsel was ineffective, and is therefore not entitled to the requested relief.

### III. Booker Affords Nixon No Relief

Finally, Nixon contends that this Court should "utilize the flexibility that was handed down" in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), in which the Supreme Court held that the United States Sentencing Guidelines cannot be mandatory consistent with a defendant's Sixth Amendment rights. To the extent that Nixon's invocation of Booker is a claim that the enhancement of his sentence was based on a fact that should have been found beyond a reasonable doubt, the Court again notes that the predicate felonies at issue are not elements of the offense for Sixth Amendment purposes. As the Eleventh Circuit has explained:

In Booker, the Supreme Court held that the mandatory nature of the federal Guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial. See 125 S. Ct. at 749-50. However, the Court left undisturbed its holding in Almendarez-Torres v. United States, that recidivism is *not* a separate element of an offense that the government is required to prove beyond a reasonable doubt. See 523 U.S. 224, 247, 118 S. Ct. 1219, 1233, 140 L.Ed.2d 350 (1998). In Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L.Ed.2d 435 (2000), the Court similarly declined to revisit Almendarez-Torres. Id. at 489-90, 120 S. Ct. at 2362; see also United States v. Thomas, 242 F.3d 1028, 1035 (11th Cir.2001) (observing that Apprendi specifically excluded the fact of a prior conviction from its holding and affirming 18 U.S.C. § 924(e)(1)-enhanced sentence, pursuant to Almendarez-Torres).

Moreover, in its recent Booker decision, the Court again reaffirmed its holding first pronounced in Apprendi: "Any fact (*other than a prior conviction*), which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must [be] admitted by the defendant or proved to a jury beyond a reasonable doubt." 125 S. Ct. at 756 (emphasis added). The reason for the exception for prior convictions is clear: "a prior conviction must itself have been established through procedures satisfying the fair notice, reasonable doubt, and jury trial guarantees." Jones v. United States, 526 U.S. 227, 249, 119 S. Ct. 1215, 1227, 143 L.Ed.2d 311 (1999). Thus, the Court's holding in Booker, that the Guidelines cannot be mandatory consistent with a defendant's Sixth Amendment rights, is not implicated when a defendant's sentence is enhanced based on a prior conviction. Put another way, because the prior-conviction exception remains undisturbed after Booker, a district court does not err by relying on prior convictions to enhance a defendant's sentence.

United States v. Orduno-Mireles, 405 F.3d 960, 962 (11th Cir. 2005). Despite Nixon's contentions to the contrary, Booker provides him with no relief.

## CONCLUSION

Based on the foregoing, it is **ORDERED** that Nixon's Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C.A. § 2255 (Doc. No. 1) is hereby **DENIED**.

So **ORDERED** this 6th day of April, 2007.

                                           JUDGE, UNITED STATES DISTRICT COURT
                                           SOUTHERN DISTRICT OF GEORGIA